IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHIEF COMMERCIAL CONSTRUCTION, L.P.,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ATOS IT OUTSOURCING SERVICES, )<br>LLC,  )<br>)<br>)<br>Defendant.  )<br>) | 2:23-cv-02127-NR |

## MEMORANDUM ORDER

### J. Nicholas Ranjan, United States District Judge

After this Court entered judgment in Chief's favor, Chief moved for attorneys' fees and costs (ECF 75), as well as for pre-judgment and post-judgment interest (ECF 76). Atos opposes Chief's request for attorneys' fees and costs and for pre-judgment interest (ECF 80). On careful review, the Court will award Chief attorneys' fees and costs with a reduction, award Chief post-judgment interest, and deny Chief any pre-judgment interest.

### I.  Reasonable attorneys' fees & costs

In their lease, the parties contracted for a fee-shifting provision in the event of a dispute like this. Section 17(g) states that "the non-prevailing party in such dispute shall pay the reasonable attorneys' fees and cost of suit and collection of the prevailing party." Ex. 13. The two questions to resolve are: (1) who prevailed?; and (2) what's reasonable?

As to the first question, the Court finds that Chief is the prevailing party. The ordinary meaning of "prevailing" means to have judgment rendered in one's favor, "regardless of the amount of damages awarded." *Profit Wize Marketing v. Wiest*, 812 A.2d 1270, 1275–76 (Pa. Super. Ct. 2022) (cleaned up). The Third Circuit has made

clear, albeit in the statutory fee-shifting context, that a party is "prevailing" if it "achieved some of the benefit sought by the party bringing the suit," or "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Institutionalized Juvs. v. Sec'y of Pub. Welfare*, 758 F.2d 897, 910 (3d Cir. 1985) (cleaned up).

Chief meets both standards. Chief was clearly "prevailing" under the *Profit Wize* standard. But even under the federal standard articulated in the statutory fee-shifting Third Circuit decisions, the Court finds that Chief prevailed on significant issues in the litigation.

Atos argues that Chief cannot be labeled the "prevailing party" because "Chief asked for a lot and received very little." ECF 80 at 11. But Atos's argument really goes to what's reasonable. The parties agreed that the prevailing party wasn't entitled to any fee, only reasonable attorneys' fees. So the Court will consider Atos's argument, but not as it relates to who prevailed.

As to the second question, the Court considers whether the fees here were reasonable. To start, the Court looks at "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Chief outlined in its brief and supporting documents that, in total, it spent $731,270.00 in attorneys' fees on this matter. *See* ECF 75. Chief detailed the total hours spent and rates of each of its attorneys on the case, and also included a declaration from a local attorney supporting the reasonableness of the sought-after fees. *See id.* The Court finds these calculations to be supported and appropriate. Indeed, the Court was in the best position to assess the appropriateness of the billed fees given its role here as the trier of fact, and finds that the amounts billed were commensurate with the work required.

That said, reasonableness has to account for the measure of success. *See Eckerhart*, 461 U.S. at 436 ("If, on the other hand, a plaintiff has achieved only partial

or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."); *Evergreen Cmty. Power LLC v. Riggs Distler & Co.*, 513 F. App'x 236, 239–40 (3d Cir. 2013) (finding that Pennsylvania law follows the Supreme Court's approach in *Eckerhart* with respect to partial success); *see also Hollobaugh v. Roberts*, No. 21-69, 2022 WL 16927713, at *1 (W.D. Pa. Nov. 14, 2022) (Ranjan, J.). "Even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith," a judgment that achieves only partial success may justify a downward adjustment to the reasonableness of the attorneys' fees. *Hollobaugh*, 2022 WL 16927713, at *1 (cleaned up).

There's no doubt that Chief's success was only a partial success here. It sought more than $3,044,527.73 in damages for eight alleged breaches in the lease. *See* ECF 61. The Court awarded Chief $445,044.98 after finding that Chief was entitled to damages for five of the eight alleged breaches. ECF 73; ECF 74.

Atos proposes basically a *pro rata* reduction (*i.e.*, awarding Chief only 15% of its attorneys' fees because it only recovered 15% of what it sought). ECF 80 at 14 n.6. But that reduction is ill-fitting because there were different and often disparate categories of damages in this case, and for some categories, Chief obtained almost complete success.

Though there is no ideal mathematical formula to measure a reduction, the Court finds that based on at least the nature of this case, an appropriate measure of reasonableness would be this: Chief prevailed in some respect on five of its eight "claims," and so it is entitled to 5/8ths or roughly 62.5% of its claimed fees. *See Loughner v. Univ. of Pitt.*, 260 F.3d 173, 178 (3d Cir. 2001) (finding that courts should subtract the hours spent on unsuccessful claims where possible in determining reasonable attorneys' fees). That reduces Chief's attorneys' fees from $731,270.00 to

$457,043.75.  Chief was the prevailing party, but this discount ensures that Atos only pays for Chief's reasonable attorneys' fees, as the parties intended in their lease.

Chief is also seeking $94,983.22 in litigation costs.  ECF 75.  The Court finds these costs to be supported and reasonable and will award them in full.

## II.  Pre-judgment and post-judgment interest

Chief also moves to alter the Court's judgment by accounting for pre-judgment and post-judgment interest.  ECF 76.  The Court will not award pre-judgment interest, but will award post-judgment interest.

Given that this was a diversity case brought under state law, Pennsylvania law as to pre-judgment interest applies.  *Edwards v. Wyatt*, 330 F. App'x 342, 352 (3d Cir. 2009).[1]  There are two avenues to obtain pre-judgment interest under Pennsylvania law.

First, a party can obtain pre-judgment interest as a matter of right if the damages were ascertainable from the terms of the contract.  *Cresci Const. Servs., Inc. v. Martin*, 64 A.3d 254, 260–61 (Pa. Super. Ct. 2013) (citing Restatement (Second) of Torts, § 354 (Am. L. Inst. 1981)).  That wasn't the case here, as this entire case largely centered upon how to determine uncertain damages.

Second, a party can obtain pre-judgment interest, at the Court's discretion, "as justice requires."  *Id.*  Though there is no specific criteria in assessing what is "just," the Court finds that the following factors are important to determine whether justice requires pre-judgment interest: (1) the nature of the parties' relationship (*i.e.*, personal, commercial, equally situated parties, etc.); (2) the good-faith efforts of the

---

[1] Notably, though Pennsylvania law applies to pre-judgment interest in a diversity case, federal law applies to post-judgment interest.  *See Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

parties in the case in moving the case to resolution in an expeditious manner; and (3) any hardship suffered to the recovering party by the delay in payment.[2]

Here, applying these factors, the Court doesn't find that "justice requires" the payment of pre-judgment interest. The parties are two sophisticated companies that engaged in a commercial transaction. Throughout the matter, both parties presented good-faith arguments and efforts, and no party delayed the case. And nothing from the record suggests any hardship by Chief in having to wait to collect its damages such that justice would require pre-judgment interest. For these reasons, the Court will not award Chief pre-judgment interest.

As to post-judgment interest, it "is awarded by statute as a matter of law so it is automatically added, whether or not the district court orders it." *Estes Express Lines v. U.S.A. Lamp & Ballast Recycling, Inc.*, 745 F. Supp. 3d 206, 219 (W.D. Pa. 2024) (Stickman, J.). Indeed, Atos doesn't appear to contest this issue. So the Court will order post-judgment interest.

---

[2] Chief cites to *Feather v. United Mine Workers of Am.*, 711 F.2d 530 (3d Cir. 1983) for the factors the Court ought to consider when deciding whether to award pre-judgment interest. Those factors are: "(1) whether the claimant has been less than diligent in prosecuting the action; (2) whether the defendant has been unjustly enriched; (3) whether an award would be compensatory; and (4) whether countervailing equitable considerations militate against a surcharge." *Feather*, 711 F.2d at 540. To begin, those factors only apply to cases involving federal claims. *See Amba v. Rupari Food Servs., Inc.*, No. CV104603MASTJB, 2016 WL 6471019, at *3 (D.N.J. Oct. 31, 2016) (rejecting application of *Feathers* factors in a diversity case). But even if these factors applied here, their application compels the same result. This was not a situation where the defendant was unjustly enriched, such that it received a specific sum of money it needed to disgorge. And given the good-faith disagreements between the parties on a number of items of damage—for which Atos partially prevailed—the equities do not counsel in favor of pre-judgment interest.

- 6 -

\*\*\*\*\*

For these reasons, Chief's motion for attorneys' fees and costs (ECF 75) is **HEREBY GRANTED**, and the Court orders Atos to pay Chief reasonable attorneys' fees of $457,043.75 and costs of $94,983.22.  Chief's motion for pre-judgment and post-judgment interest (ECF 76) is **HEREBY GRANTED IN PART AND DENIED IN PART**; the Court orders Atos to pay Chief post-judgment interest as required under federal law, 28 U.S.C. § 1961, but denies the request to alter the judgment to account for pre-judgment interest.

DATE: February 12, 2026                          BY THE COURT:

                                                 /s/ *J. Nicholas Ranjan*
                                                 United States District Judge